UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x   Civil Action No. 18-1303
STEPHEN FLANAGAN, as a Trustee of the GENERAL
BUILDING LABORERS' LOCAL 66 VACATION FUND
STEPHEN FLANAGAN, as a Trustee of the GENERAL
BUILDING LABORERS' LOCAL 66 WELFARE FUND;
STEPHEN FLANAGAN, as a Trustee of the GENERAL     VERIFIED COMPLAINT
BUILDING LABORERS' LOCAL 66 PENSION FUND;
STEPHEN FLANAGAN, as Trustee of the GENERAL
BUILDING LABORERS' LOCAL 66 ANNUITY FUND;
STEPHEN FLANAGAN, as a Trustee of the GENERAL
BUILDING LABORERS' LOCAL 66 LABORERS'
EMPLOYER COOPERATIVE AND EDUCATIONAL TRUST
FUND; STEPHEN FLANAGAN, as a Trustee of the
GENERAL BUILDING LABORERS' LOCAL 66 GREATER
NY LABORERS' EMPLOYER COOPERATIVE AND
EDUCATIONAL TRUST FUND; STEPHEN FLANAGAN,
as a Trustee of the GENERAL BUILDING LABORERS'
LOCAL 66 TRAINING PROGRAM; STEPHEN FLANAGAN,
as a Trustee of the GENERAL BUILDING LABORERS'
LOCAL 66 NEW YORK STATE HEALTH AND SAFETY
FUND; STEPHEN FLANAGAN, as Business Manager of
GENERAL BUILDING LABORERS' LOCAL UNION NO. 66
of the LABORERS' INTERNATIONAL UNION OF NORTH
AMERICA, AFL-CIO,

                    Plaintiffs,
       -against-

WILLIAM G. PROPHY LLC dba WGP CONTRACTING INC.
and WILLIAM G. PROEFRIEDT,

                    Defendants.
------------------------------------------------x

Plaintiffs, complaining of the defendants, by their attorneys, LAVELLE LAW &

ASSOCIATES, P.C., allege as follows:

1. This is an action by a fiduciary of eight employee benefit plans under Section 301 of the LMRA, 20 U.S.C., Section 185 and Section 502 of E.R.I.S.A., 29 U.S.C., Section 1132 to enforce the provisions of a collective bargaining agreement; to enjoin acts or practices which violate provisions of E.R.I.S.A.; to obtain other appropriate equitable relief, to wit, an accounting; to redress such violations; to enforce the provisions of E.R.I.S.A.; to enforce the terms of the employee benefit plans. More specifically, to compel the defendants to furnish to the Funds by audit, such books and records that will enable the Funds to determine the amount of contributions owed to said Funds on behalf of Fund participants employed by defendants, pursuant to Section 502(a)(3)(B) of E.R.I.S.A., 29 U.S.C., 1132(a)(3)(B); to permanently enjoin the defendants' failure to submit to audits plus reasonable attorney's fees and costs of this action. This is also an action by the chief executive officer of a labor organization to obtain damages from the defendants resulting from their breach of the collective bargaining agreement between the labor organization and the defendants.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked under the following statutes:

(a) § 502(a), (e), (f) and (g) and 4301(a), (b) and (c) of the Employee Retirement Income Security Act of 1974 (ERISA), (29 U.S.C. § 1132(a), (e), (f) and (g);

(b) § 301 of the Taft-Hartley Act (29 U.S.C. § 185);

(c) 28 U.S.C. § 1331 (federal question); and

(d) 28 U.S.C. 1337 (civil actions arising under Act of Congress regulating commerce).

3. Venue properly lies in this district under §§ 502(e)(2) of ERISA and § 301 of the Taft-Hartley Act (29 U.S.C. § 185).

## PARTIES

4. Plaintiff, STEPHEN FLANAGAN, as a Trustee of the General Building Laborers' Local 66 Vacation Fund (Vacation Fund) and as a Trustee of the General Building Laborers' Local 66 Welfare Fund (Welfare Fund) and as a Trustee of the General Building Laborers' Local 66 Pension Fund (Pension Fund) and as a Trustee of the General Building Laborers' Local 66 Annuity Fund (Annuity Fund) and as a Trustee of the General Building Laborers' Local 66 Laborers' Employer Cooperative and Educational Trust Fund (LECET Fund) and as a Trustee of the General Building Laborers' Local 66 Greater NY Laborers' Employer Cooperative and Educational Trust Fund (Greater NY LECET Fund) and as a Trustee of the General Building Laborer's Local 66 Training Program (Training Fund) and as a Trustee of the General Building Laborers' Local 66 New York State Health and Safety Fund (NYS Health and Safety Fund), is and was a fiduciary within the meaning of § 3(21) and 502 of ERISA (29 U.S.C. §§ 1002(21) and 1132)) and brings this action in

his fiduciary capacity. The Vacation Fund and the Welfare Fund and the Pension Fund and the Annuity Fund and the LECET Fund and the Greater NY LECET Fund and the Training Fund and the NYS Health and Safety Fund and the Vacation Fund are employee benefit plans within the meaning of §§ 3(1), 3(2), 3(3) and § 502(d)(1) of ERISA (29 U.S.C. §§ 1002(1), 1002(2), 1002(3) and 1132(d)(1)), and multi-employer plans within the meaning of §§ 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145).

5. The Funds maintain their offices and are administered at 1600 Walt Whitman Road, Melville, New York 11747 and, as such, are and were at all times relevant hereto administered within this district within the meaning of § 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)).

6. Upon information and belief, at all times relevant hereto, corporate defendant has been a for-profit domestic corporation, doing business in New York, having its principal place of business at **85 Sprucewood Road, West Babylon, New York 11704**, and incorporated under the laws of the State of New York, have been an employer within the meaning of §§ 3(5) and 5154 of ERISA (29 U.S.C. §§ 1002(5) and 1145) and have been an employer in an industry affecting commerce within the meaning of § 301 of the Taft-Hartley Act (29 U.S.C. § 185).

7. Upon information and belief, the individual defendant is and was an officer and/or director and/or shareholder and/or agent of the corporate defendant and

therefore is and was an employer within the meaning of §§ 3(5) and 5154 of ERISA (29 U.S.C. §§ 1002(5) and 1145).

8. Upon information and belief, at all times relevant hereto, defendants have been engaged in the building and construction industry as a contractor, within the judicial district, to wit, Nassau and Suffolk Counties, State of New York and are and have been doing business in this district within the meaning of 28 U.S.C. § 1391.

9. Upon information and belief, WILLIAM G. PROPHY LLC is a successor in interest to WGP CONTRACTING INC.

## AS AND FOR A FIRST CLAIM FOR RELIEF
## ON BEHALF OF PLAINTIFF STEPHEN FLANAGAN,
## AS A TRUSTEE OF THE FRINGE BENEFIT FUNDS

10. Plaintiff, STEPHEN FLANAGAN, as a Trustee of the Fringe Benefit Funds, repeats and realleges each and every allegation set forth in paragraphs 1 through 9.

11. Defendants executed a collective bargaining agreement with General Building Laborers' Local Union No. 66 with respect to which plaintiffs Funds are third-party beneficiaries. Said Agreement incorporates by reference the terms of the Agreements and Declarations of Trust of the Fringe Benefit Funds. Defendants thereby agreed to comply with and be bound by all of the provisions of the collective bargaining agreement and Agreements and Declarations of Trusts (hereinafter collectively

"Agreements"). Said Agreements, *inter alia*, provided for contributions by said defendants to the Fringe Benefit Funds for each hour worked by participants employed by said defendants. At all times material hereto said contract was in full force and effect.

12. Pursuant to said Agreement, upon information and belief, defendants employed persons who were participants in the Fringe Benefit Funds within the meaning of § 3(7) of ERISA (29 U.S.C. § 1002(7)), and is therefore obligated to pay contributions to each of the Fringe Benefit Funds for each hour worked by participants in its employ during the time said contract was in full force and effect.

13. Additionally, pursuant to said contract, the Fringe Benefit Funds have the power to require any employer of Local 66 represented employees, to furnish to said Fringe Benefit Funds such information and reports and to make available by audit such books and records as they may require in the performance of their duties and to collect contributions owed to the Fringe Benefit Funds.

14. The Fringe Benefit Funds demanded that defendants furnish to said Funds such information and reports, and to make available by audit such books and records in order to determine the amount of contributions owed to the Fringe Benefit Funds on behalf of its participants.

15. Notwithstanding such demands defendants have failed and refused to furnish to the plaintiffs said information and reports and to make available by audit all

books and records of all defendants "trades and businesses (whether or not incorporated) which are under common control" of the defendants, within the meaning of Section 3(37)(B) of E.R.I.S.A., 29 U.S.C., Section 1002(37)(B).

16.  Plaintiffs are wholly ignorant of the amounts of money held by defendants except that defendants have failed and refused to account to plaintiffs therefore in breach of the terms of the contract between defendants and Local 66, and in breach of the Agreements and Declarations of Trust of the Fringe Benefit Funds.

17.  Plaintiffs have no adequate remedy at law. This claim for relief seeks an accounting under the courts equitable powers pursuant to Section 502(a)(3)(B) of E.R.I.S.A., 29 U.S.C., 1132(a)(3)(B).

AS AND FOR A SECOND CLAIM FOR RELIEF
ON BEHALF OF PLAINTIFF STEPHEN FLANAGAN,
AS A TRUSTEE OF THE FRINGE BENEFIT FUNDS

18.  Plaintiff, STEPHEN FLANAGAN, as a Trustee of each of the Fringe Benefits Funds, repeats and realleges each and every allegation set forth in paragraphs 1 through 17.

19.  This claim for relief seeks a permanent injunction against defendants pursuant to §§ 502(a)(3) and 502(g)(2)(E) of ERISA (29 U.S.C. §§ 1132(a)(3) and 1132(g)(2)(E)).

20. Defendants have no meritorious defense to the claims for relief set forth in the Complaint, either in fact or in law and has simply sought to avoid furnishing the Fringe Benefit Funds by audit such books and records that would enable the Fringe Benefit Funds to compute the amount of contributions owed and to avoid payment of said contributions.

21. The Fringe Benefit Funds have and will incur considerable nonrecoverable expenses in pursuing unpaid contributions such as increased administrative overhead, lost investment income, attorney's fees and other legal costs.

22. The nonrecoverable expenses are ultimately borne by the participants, pensioners and beneficiaries of the fringe benefit funds by way of reduced benefits and this is inequitable.

23. Accordingly, defendants should be permanently enjoined from failing or refusing to submit to audits in accordance with the terms and conditions of the plans of the Fringe Benefit Funds and the contract to which defendants are parties.

WHEREFORE, plaintiffs demand judgment:

1. On the First Claim for Relief in favor of plaintiffs that defendants furnish to said plaintiffs by audit all books and records of all defendants' trades and businesses (whether or not incorporated) which are under each defendant's control, that will enable the plaintiff Fringe Benefit Funds to determine the amount of contributions owed to

Fringe Benefit Funds on behalf of said participants employed by the defendant.

    2. On the Second Claim for Relief in favor of plaintiffs and against defendants permanently enjoining said defendants from failing or refusing to submit to audits in accordance with the terms and conditions of the plans of the Fringe Benefit Funds and the contract to which defendants are parties.

    3. In accordance with Section 502(g)(1) of E.R.I.S.A., 29 U.S.C. § 1132(g)(1), awarding plaintiffs reasonable attorney's fees and costs of this action, and

    4. For such other legal or equitable relief as this Court deems appropriate.

Dated:    Patchogue, New York
           February 22, 2018

                            LAVELLE LAW & ASSOCIATES, P.C.

                            */s/ William T. Lavelle*
                            By: WILLIAM T. LAVELLE
                            Attorneys for Plaintiffs
                            57 East Main Street
                            Patchogue, New York 11772
                            (631) 475-0001

To:    Defendants (F.R.C.P. 4)
       United States District Court (F.R.C.P. 3)
       Secretary of Labor – by Certified Mail (29 U.S.C. § 1132(h))
       Secretary of Treasury – by Certified Mail (29 U.S.C. § 1132(h))

# VERIFICATION

STATE OF NEW YORK )
)ss.:
COUNTY OF SUFFOLK )

STEPHEN FLANAGAN, being duly sworn deposes and says:

1. I am a Trustee of the GENERAL BUILDING LABORERS' LOCAL 66 VACATION FUND, WELFARE FUND, PENSION FUND, ANNUITY FUND, LECET FUND, GREATER NY LECET FUND, TRAINING PROGRAM AND NYS HEALTH AND SAFETY FUND. I am also the Business Manager of GENERAL BUILDING LABORERS' LOCAL UNION NO. 66 of the INTERNATIONAL UNION OF NORTH AMERICA, AFL.-CIO.

2. I have read the foregoing complaint and the same are true to deponent's own knowledge except as to those matters alleged to be on information and belief and as to those matters deponent believes them to be true. The grounds of deponent's belief are the records of the named Funds and the Labor Organization, which are in my custody.

_____
STEPHEN FLANAGAN

Sworn to before me this
26th day of February, 2018

_____
Notary Public

ADAM L. GLASER
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02GL6347483
QUALIFIED IN SUFFOLK COUNTY
MY COMMISSION EXPIRES SEPT. 6, 2020