UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
STEPHEN FLANAGAN, as a Trustee of the GENERAL
BUILDING LABORERS' LOCAL 66 VACATION FUND;
STEPHEN FLANAGAN, as a Trustee of the GENERAL
BUILDING LABORERS' LOCAL 66 WELFARE FUND;
STEPHEN FLANAGAN, as a Trustee of the GENERAL
BUILDING LABORERS' LOCAL 66 PENSION FUND;
STEPHEN FLANAGAN, as a Trustee of the GENERAL
BUILDING LABORERS' LOCAL 66 ANNUITY FUND;
STEPHEN FLANAGAN, as a Trustee of the GENERAL
BUILDING LABORERS' LOCAL 66 LABORERS'
EMPLOYER COOPERATIVE AND EDUCATIONAL
TRUST FUND; STEPHEN FLANAGAN, as a Trustee of
The GENERAL BUILDING LABORERS' LOCAL 66
GREATER NY LABORERS' EMPLOYER
COOPERATIVE AND EDUCATIONAL TRUST FUND;
STEPHEN FLANAGAN, as a Trustee of the GENERAL
BUILDING LABORERS' LOCAL 66 TRAINING
PROGRAM; STEPHEN FLANAGAN, as a Trustee of the
GENERAL BUILDING LABORERS' LOCAL 66 NEW
YORK STATE HEALTH AND SAFETY FUND;
STEPHEN FLANAGAN, as Business Manager of
GENERAL BUILDING LABORERS' LOCAL UNION
NO. 66 of the LABORERS' INTERNATIONAL UNION
OF NORTH AMERICA, AFL-CIO,

       Plaintiffs,

  -against-

WILLIAM G. PROPHY LLC d/b/a WGP
CONTRACTING INC. and WILLIAM G.
PROEFRIEDT,

       Defendants.
-----------------------------------------------------------------X

CV: 18-1303 (JS) (AKT)

**ANSWER TO COMPLAINT**

**JURY TRIAL DEMANDED**

    Defendants WILLIAM G. PROPHY, LLC d/b/a WGP CONTRACTING, INC. ("WGP"),

and WILLIAM G. PROEFRIEDT ("Proefriedt") (collectively "defendants"), by their attorneys

SCOTT MICHAEL MISHKIN P.C., hereby answer plaintiffs' Complaint (the "Complaint") as follows:

1. The allegations contained in Paragraph "1" of plaintiff's Complaint call for a legal conclusion and no response is required. To the extent that a response is required, defendants deny each and every allegation contained therein and respectfully refer all questions of law to the Court for adjudication.

2. The allegations contained in Paragraph "2" of plaintiff's Complaint call for a legal conclusion and no response is required. To the extent that a response is required, defendants deny each and every allegation contained therein and respectfully refer all questions of law to the Court for adjudication.

3. The allegations contained in Paragraph "3" of plaintiff's Complaint call for a legal conclusion and no response is required. To the extent that a response is required, defendants deny each and every allegation contained therein and respectfully refer all questions of law to the Court for adjudication.

4. The allegations contained in Paragraph "4" of plaintiff's Complaint call for a legal conclusion and no response is required. To the extent that a response is required, defendants deny each and every allegation contained therein and respectfully refer all questions of law to the Court for adjudication.

5. The allegations contained in Paragraph "5" of plaintiff's Complaint call for a legal conclusion and no response is required. To the extent that a response is required, defendants deny each and every allegation contained therein and respectfully refer all questions of law to the Court for adjudication.

6. The allegations contained in Paragraph "6" of plaintiff's Complaint call for a legal

conclusion and no response is required. To the extent that a response is required, defendants deny each and every allegation contained therein and respectfully refer all questions of law to the Court for adjudication.

7. The allegations contained in Paragraph "7" of plaintiff's Complaint call for a legal conclusion and no response is required. To the extent that a response is required, defendants deny each and every allegation contained therein and respectfully refer all questions of law to the Court for adjudication.

8. The allegations contained in Paragraph "8" of plaintiff's Complaint call for a legal conclusion and no response is required. To the extent that a response is required, defendants deny each and every allegation contained therein and respectfully refer all questions of law to the Court for adjudication.

9. The allegations contained in Paragraph "9" of plaintiff's Complaint call for a legal conclusion and no response is required. To the extent that a response is required, defendants deny each and every allegation contained therein and respectfully refer all questions of law to the Court for adjudication.

### AS AND FOR AN ANSWER TO PLAINTIFFS' FIRST CLAIM FOR RELIEF

10. In response to Paragraph "10" of Plaintiffs' Complaint, Defendants repeat each admission or denial contained in Paragraphs "1" through "9" with the same force and effect as though fully set forth herein.

11. Defendants deny each and every allegation as set forth in Paragraph "11" of plaintiff's Complaint.

12. The allegations contained in Paragraph "12" of plaintiff's Complaint call for a legal

conclusion and no response is required. To the extent that a response is required, defendants deny each and every allegation contained therein and respectfully refer all questions of law to the Court for adjudication.

13. Defendants admit the allegations as set forth in Paragraph "13" of plaintiffs' Complaint.

14. Defendants deny each and every allegation as set forth in Paragraph "14" of plaintiffs' Complaint.

15. Defendants deny each and every allegation as set forth in Paragraph "15" of Plaintiffs' Complaint.

16. Defendants deny each and every allegation as set forth in Paragraph "16" of plaintiffs' Complaint.

## AS AND FOR AN ANSWER TO PLAINTIFFS' SECOND CLAIM FOR RELIEF

17. In response to Paragraph "17" of Plaintiffs' Complaint, Defendants repeat each admission or denial contained in Paragraphs "1" through "16" with the same force and effect as though fully set forth herein.

18. Defendants deny each and every allegation as set forth in Paragraph "18" of plaintiffs' Complaint.

19. The allegations contained in Paragraph "19" of plaintiff's Complaint call for a legal conclusion and no response is required. To the extent that a response is required, defendants deny each and every allegation contained therein and respectfully refer all questions of law to the Court for adjudication.

20. Defendants deny each and every allegation as set forth in Paragraph "20" of plaintiffs' Complaint.

21. Defendants deny each and every allegation as set forth in Paragraph "21" of plaintiffs' Complaint.

22. Defendants deny each and every allegation as set forth in Paragraph "22" of plaintiffs' Complaint.

23. The allegations contained in Paragraph "23" of plaintiff's Complaint call for a legal conclusion and no response is required. To the extent that a response is required, defendants deny each and every allegation contained therein and respectfully refer all questions of law to the Court for adjudication.

24. Defendants deny each and every allegation as set forth in the **"WHEREFORE"** clauses of plaintiff's Complaint, paragraphs "1" – "4."

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

25. Plaintiffs' complaint fails to state a cause of action upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

26. The Court lacks subject matter jurisdiction over Plaintiffs' claims.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

27. This action is barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

28. The defendants have set offs and claims against any and all amounts allegedly due.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

29. Plaintiffs failed to exhaust their administrative remedies prior to bringing this action.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

30. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver and estoppel.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

31. Plaintiffs' claims for damages are barred because they are speculative and because of the impossibility of ascertaining any such damages.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

32. Defendants' employment policies and practices conform to the requirements of all applicable Federal and State laws.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

33. Plaintiffs have breached the terms of the parties' collective bargaining agreement.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

34. The collective bargaining agreement is null and void.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

35. This action is barred, in whole or in part, because plaintiffs' have failed to give proper notice of any alleged breach.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

36. This action is barred, in whole or in part, because of plaintiffs' failure to join necessary parties.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

37. Defendants reserve the right to assert other Affirmative Defenses as may be warranted as discovery proceeds, as well as any Counterclaims.

**WHEREFORE**, defendants demand judgment dismissing plaintiffs' Complaint in its entirety, together with such other and further relief as the Court deems just and proper.

## JURY DEMAND

**Defendants hereby demand a trial by jury of all issues in this action.**

Dated: Islandia, New York
August 10, 2018

SCOTT MICHAEL MISHKIN, P.C.

By: _____
Kyle T. Pulis, Esq. (KP0415)
One Suffolk Square, Suite 240
Islandia, New York 11749
Telephone: (631) 234-1154
Facsimile: (631) 234-5048
*Attorneys for Defendants*