UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Case No.: 18-cv-1303(JS)(JMW)

**JOINT PRETRIAL ORDER**

---------------------------------------------------------------------X

STEPHEN FLANAGAN, as a Trustee of the GENERAL BUILDING LABORERS' LOCAL 66 VACATION FUND; STEPHEN FLANAGAN, as a Trustee of the GENERAL BUILDING LABORERS' LOCAL 66 WELFARE FUND; STEPHEN FLANAGAN, as a Trustee of the GENERAL BUILDING LABORERS' LOCAL 66 PENSION FUND; STEPHEN FLANAGAN, as Trustee of the GENERAL BUILDING LABORERS' LOCAL 66 ANNUITY FUND; STEPHEN FLANAGAN, as a Trustee of the GENERAL BUILDING LABORERS' LOCAL 66 LABORERS' EMPLOYER COOPERATIVE AND EDUCATIONAL TRUST FUND; STEPHEN FLANAGAN, as a Trustee of the GENERAL BUILDING LABORERS' LOCAL 66 GREATER NY LABORERS' EMPLOYER COOPERATIVE AND EDUCATIONAL TRUST FUND; STEPHEN FLANAGAN, as a Trustee of the GENERAL BUILDING LABORERS' LOCAL 66 TRAINING PROGRAM; STEPHEN FLANAGAN, as a Trustee of the GENERAL BUILDING LABORERS' LOCAL 66 NEW YORK STATE HEALTH AND SAFETY FUND; STEPHEN FLANAGAN, as Business Manager of GENERAL BUILDING LABORERS' LOCAL UNION NO. 66 of the LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO,

Plaintiffs,

-against-

WILLIAM G. PROPHY LLC dba WGP CONTRACTING INC. and WILLIAM G. PROEFRIEDT,

Defendants.

---------------------------------------------------------------------X

The parties have conferred among themselves and with the court pursuant to Federal Rule of Civil Procedure 16, the following statements, directions and agreements are adopted as the Pretrial Order herein.

**Trial Counsel for Plaintiffs:**

- William T. LaVelle, Esq.
  LaVelle Law & Associates, P.C.
  57 E. Main Street
  Patchogue, NY 11772

(phone) 631-475-0001
(fax) 631-447-7150
(e-mail) wtlpc@aol.com

**Trial Counsel for Defendants:**

- Shaun Hogan, Esq.
Hogan & Cassell, LLP
500 North Broadway, Suite 153
Jericho, NY 11753
(phone): 516-942-4704
(fax): 516-942-4705
(e-mail): skhogan@hogancassell.com

**Jurisdiction:**

The action involves a federal question, pursuant to 29 U.S. § 1132(g).

**Claims and Defenses to be Tried:**

Defendants are alleged to have failed to pay the proper amount of monies of fringe benefit contributions or into the Local 66 annuity, welfare, training and pensions funds for their employees who engaged in jurisdictional work, pursuant to the "Collective Bargaining Agreement." It is also alleged that the defendants also failed to pay the Union dues as was required pursuant to the "Collective Bargaining Agreement."

It is Defendants' position that the work at issue was not work that falls within the scope of the "Collective Bargaining Agreement." In addition, even if some of the work performed by the employees of WGP Contracting was within the scope of the "Collective Bargaining Agreement", the numbers calculated by Plaintiffs are alleged to be excessive since they are alleged to be based upon unsupported assumptions. Finally, the workers at issue were already paid the monies allegedly owed via the resolution with the Department of Labor.

The case is to be tried without a jury and it is anticipated that the actual trial will take five (5) to seven (7) days.

**Trial Before Magistrate Judge:**

All parties have consented to Magistrate Judge James M. Wicks presiding over the trial.

**Stipulations:**

The parties have entered into the following stipulations and/or agreements of fact or law: The parties stipulate to the genuineness and authenticity of Plaintiffs' exhibits five (5) to twenty-two (22).

**Plaintiffs' Witnesses:**

| **Plaintiffs' Witnesses Names and brief summary of their intended testimony** | **Defendants' Objection** | **Defendants' Basis for Objection** |
|---|---|---|
| **Stephen Flanagan**: Mr. Flanagan is the Business Manager and Trustee for every "Local 66" fringe benefit fund named in the caption. Mr. Flanagan will testify as to verbal conversations that he had with the principal of William G. Prophy, LLC d/b/a WGP Contracting, Inc., --- that being defendant, William G. Proefriedt regarding the provisions contained within the "Collective Bargaining Agreement" which was executed by and between "Local 66" and the corporate defendant and William G. Proefriedt. | No objection | Not applicable |
| Mr. Flanagan will also testify as to the jurisdictional work definitions as set forth in said "Collective Bargaining Agreement." | No objection | Not applicable |
| Mr. Flanagan will testify that the defendants failed to notify the plaintiffs that they had won the bids for the job sites that are the subject of the instant action, as was required under the "Collective Bargaining Agreement." | Defendants object | Hearsay |
| Mr. Flanagan will also testify that the defendants also failed to request that the Union assign laborers and apprentices to the job sites that are the subject of the instant action, as was required under the "Collective Bargaining Agreement." | Defendants object | Hearsay |
| Mr. Flanagan also will testify that after the "Collective Bargaining Agreement" was executed that the defendants failed to notify "Local 66" that they had won several bids on "jobs" unrelated to the instant action. Lastly, Mr. Flanagan will also testify | Defendants object | Hearsay. Defendants also object to the testimony as cumulative. |

| | | |
|---|---|---|
| that the defendants failed to "sign up" Union members within seven (7) calendar days from the start of the work and failed to remit any fringe benefit contributions or pay the Union dues thereof | | |
| **<u>Anthony Senia</u>:** Mr. Senia is the dispatcher at the "Local 66" hiring hall and assigns laborers and apprentices to the various construction projects. | No objection | Not applicable |
| Mr. Senia will testify as to Local 66's practices regarding the assignment of laborers and apprentices to the construction sites, as required pursuant to the "Collective Bargaining Agreement" executed by and between "Local 66" and the corporate defendant. | No objection | Not applicable |
| Mr. Senia will testify that the defendants failed to notify the plaintiffs that they had won the bids for the job sites that are the subject of the instant action. | Defendants object | Hearsay |
| Mr. Senia will also testify that the defendants also failed to request that the Union assign laborers and apprentices to the job sites that are the subject of the instant action, as was required under the "Collective Bargaining Agreement." | Defendants object | Hearsay |
| Mr. Senia also will testify that after the "Collective Bargaining Agreement" was executed, the defendants failed to notify "Local 66" that they had won several bids on "job sites" unrelated to the instant action. | Defendants object | Hearsay |

| | | |
|---|---|---|
| Lastly, Mr. Senia will also testify that the defendants failed to "sign up" Union members within seven (7) calendar days from the start of the work and failed to remit any fringe benefit contributions or "dues check off" monies thereof. | Defendants object | Hearsay. Defendants also object to the testimony as cumulative |
| Lastly, Mr. Senia" will testify to receiving and sending various e-mails to/from Mr. Proefriedt. | No objection | Not applicable |
| **<u>Nellie Sanchez</u>:** Ms. Sanchez is the "Local 66" hiring hall coordinator responsible for the hiring of laborers and apprentices to various construction projects. Ms. Sanchez will testify to the hiring of laborers and apprentices to the subject construction job, pursuant to the "Collective Bargaining Agreement" executed by and between "Local 66" and the corporate defendant and defendant, William G. Proefriedt. | No objection | Not applicable |
| Ms. Sanchez will testify that the defendants failed to notify the plaintiffs that they had won the bids for the job sites that are the subject of the instant action. | Defendants object | Hearsay |
| Ms. Sanchez will also testify that the defendants also failed to request that the Union assign laborers and apprentices to the job sites that are the subject of the instant action, as was required under the "Collective Bargaining Agreement." | Defendants object | Hearsay |
| Ms. Sanchez also will testify that after the "Collective Bargaining Agreement" was executed, the | Defendants object | Hearsay. Defendants also object to the testimony as cumulative |

| | | |
|---|---|---|
| defendants failed to notify "Local 66" that they had won several bids on "job sites" unrelated to the instant action. | | |
| Lastly, Ms. Sanchez will also testify that the defendants failed to "sign up" Union members within seven (7) calendar days from the start of the work and failed to remit any fringe benefit contributions or Union dues thereof. | Defendants object | Hearsay. Defendants also object to the testimony as cumulative |
| **<u>Lorraine Leonard</u>:** Ms. Leonard is an administrative assistant for "Local 66" who "processes" the "Collective Bargaining Agreement" after its execution. Ms. Leonard will testify about her "processing" of the "Collective Bargaining Agreement" executed by and between "Local 66" and the corporate defendant. | No objection | Not applicable |
| Ms. Leonard will also testify about speaking to Mr. Proefriedt about the "processing" of the "Collective Bargaining Agreement." | Defendants object | Hearsay |
| Ms. Leonard will also testify that the defendants never remitted the union dues that were owed to the plaintiffs, pursuant to and required by the "Collective Bargaining Agreement" | Defendants object | Hearsay. Defendants also object to the testimony as cumulative |

| | | |
|---|---|---|
| **Joseph Montabano**: Mr. Montabano is a business delegate and investigator for "Local 66." Mr. Montabano will testify about conversations that he had with Mr. Proefriedt on issues relevant to this action. | No objection | Not applicable |
| Mr. Montabano will also testify as to the genuineness of certain documents and photographs, which he had taken at the job sites which are the subject of the instant action, relative to the amount of jurisdictional work that the defendants conducted at said job sites. | Defendants object | Hearsay. Defendants also object to any testimony based upon photographs, since they were produced belatedly. |
| **Allen Marmor**: Mr. Marmor is the "Local 66" Funds Administrator. Mr. Marmor will testify to the as to the required amounts of fringe benefit contributions and increases thereof that occurred during the time that the "Collective Bargaining Agreement." | Defendants object | Hearsay. Defendants also object to the testimony as cumulative. |
| Mr. Marmor will also testify as to the existence and genuineness of the Reaffirmation & Restatement of the General Building Laborers' Local 66 annuity fund, welfare fund, training fund and the pension fund. | No objection | Not applicable |
| **Tom Sfera**: Mr. Sfera is an auditor at the accounting/consulting firm, Schultheis & Panettieri, LLP. Mr. Sfera conducted the audit and produced an audit report and he will testify to his findings thereof. | No objection | Not applicable |
| Mr. Sfera will also testify as to the costs associated with conducting the audit. | No objection | Not applicable |
| **Angelos Poulos**: Mr. Poulos is a supervising auditor at the accounting/consulting firm, Schultheis & Panettieri, LLP. Mr. Poulos reviewed and "signed off" on the audit report produced by auditor, Tom Sfera. | No objection | Not applicable |

| | | |
|---|---|---|
| Mr. Sfera will also testify as to the costs associated with conducting the audit. | No objection | Not applicable |

**Defendants' Witnesses:**

| **Defendants' Witnesses Names and a brief summary of their intended testimony** | **Plaintiffs' Objection** | **Plaintiffs' Basis for the Objection** |
|---|---|---|
| William Proefriedt. He will testify as to his dealings with Local Union 66 ("Union 66"), why the work at issue is not covered under the Collective Bargaining Agreement (the "CBA") and why the workers at issue were already paid the monies allegedly owed via the resolution with the Department of Labor. | Plaintiffs object | The objection is based on the fact that what is considered to be 'jurisdictional" work is a question of law. Plaintiffs do not object to the witness testifying as to what work was actually done based on his first- hand knowledge. |
| Matthew Proefriedt. He will testify as to why the work at issue is not covered under the CBA. | Plaintiffs object | The objection is based on the fact that what is considered to be 'jurisdictional" work is a question of law. Plaintiffs do not object to the witness testifying as to what work was actually done based on his first- hand knowledge. |
| Patrick Proefriedt. He will testify as to why the work at issue is not covered under the CBA. | Plaintiffs object | The objection is based on the fact that what is considered to be 'jurisdictional" work is a question of law. Plaintiffs do not object to the witness testifying as to what work was actually done based on his first-hand knowledge. |
| Robert Proefriedt. He will testify as to why the work at issue is not covered under the CBA. | Plaintiffs object | The objection is based on the fact that what is considered to be 'jurisdictional" work is a question of law. Plaintiffs do not object to the witness testifying as to what work was actually done based on his first- hand knowledge. |

| | | |
|---|---|---|
| Timothy Salvadori. He will testify as to why the work at issue is not covered under the CBA. | Plaintiffs object | The objection is based on the fact that what is considered to be 'jurisdictional" work is a question of law. Plaintiffs do not object to the witness testifying as to what work was actually done based on his first- hand knowledge. |
| Thomas Domdrowski. He will testify as to why the work at issue is not covered under the CBA. | Plaintiffs object | The objection is based on the fact that what is considered to be 'jurisdictional" work is a question of law. Plaintiffs do not object to the witness testifying as to what work was actually done based on his first- hand knowledge. |
| Christopher Gatton. He will testify as to why the work at issue is not covered under the CBA. | Plaintiffs object | The objection is based on the fact that what is considered to be 'jurisdictional" work is a question of law. Plaintiffs do not object to the witness testifying as to what work was actually done based on his first- hand knowledge. |
| Matthew Young. He will testify as to why the work at issue is not covered under the CBA. | Plaintiffs object | The objection is based on the fact that what is considered to be 'jurisdictional" work is a question of law. Plaintiffs do not object to the witness testifying as to what work was actually done based on his first- hand knowledge. |
| Raymond Perini, Esq. He will testify as to dealings with the Department of Labor. | Plaintiffs object | Hearsay |
| Matthew Myers. He will testify regarding dealings between WGP Contracting and the Department of Labor. | Plaintiffs object | Hearsay |
| Brian Lamb. He will testify regarding dealings between WGP Contracting and the Department of Labor. | Plaintiffs object | Hearsay |
| Eric Lucas. He will testify regarding dealings between WGP Contracting and the State Parks Department and that the work at issue is not Local | Plaintiffs object | Hearsay |

| | | |
|---|---|---|
| Union 66 work. | | |
| Matt Barbra. He will testify regarding dealings between WGP Contracting and the State Parks Department and that the work at issue is not Local Union 66 work. | Plaintiffs object | Hearsay |

**Deposition Transcripts**:

| **Portion of Deposition transcripts intended to be introduced at trial** | **Party intending to introduce such deposition testimony** | **Basis for a Party's objection** |
|---|---|---|
| Plaintiff does not intend to introduce portions of the deposition transcripts at trial. Plaintiffs reserve the right to use portions of deposition transcripts for cross-examination purposes | Not applicable | Not applicable |
| Defendants do not intend to introduce portions of deposition transcripts for their case-in-chief. Defendants reserve the right to use portions of deposition transcripts for cross-examination purposes. | Not applicable | Not applicable |

**Plaintiffs' Exhibits**:

| **Plaintiffs' Exhibits** | **Defendants' Objection** | **Defendants' Basis for the Objection** |
|---|---|---|
| 1. Reaffirmation & Restatement of the General Building Laborers' Local 66 Annuity Fund | Defendants object | Authenticity, foundation |
| 2. Reaffirmation & Restatement General Building Laborers' Local 66 Pension Fund | Defendants object | Authenticity, foundation |
| 3. Reaffirmation and Restatement General Building Laborers' Local 66 Training Fund | Defendants object | Authenticity, foundation |
| 4. Reaffirmation & Restatement of the General Building Laborers' Local 66 Welfare Fund | Defendants object | Authenticity, foundation |

| | | |
|---|---|---|
| 5. the "Collective Bargaining Agreement" between plaintiffs and defendants (a/k/a) "Trade Agreement") | No objection as to the genuineness or authenticity (NTA) | Not applicable |
| 6. a letter written by the Town of North Hempstead Office of the Town Attorney, dated August 24, 2016, which was addressed to defendant, William G. Prophy, LLC d/b/a WGP Contracting, Inc. | No objection as to the genuineness or authenticity of this document (NTA) | Not applicable |
| 7. an e-mail, dated September 13, 2016, sent by William G. Proefriedt to "Local 66" training hall coordinator, Karen Pacella | No objection as to the genuineness or authenticity of this document (NTA) | Not applicable |
| 8. an e-mail chain which contains the following four (4) e-mails: (1) an e-mail sent by William Proefriedt to the "Local 66" training hall coordinator, Karen Pacella, dated October 4, 2016; (2) an e-mail sent by Ms. Pacella to Mr. Proefriedt, dated October 5, 2016; (3) an e-mail sent by Mr. Proefriedt to Ms. Pacella, dated October 6, 2016; and (4) an e-mail sent by Ms. Pacella to Mr. Proefriedt, dated October 5, 2016 | No objection as to the genuineness or authenticity of this document (NTA) | Not applicable |
| 9. an e-mail sent by William Proefriedt to plaintiffs' attorney, William LaVelle dated December 16, 2017 | No objection as to the genuineness or authenticity of this document (NTA) | Not applicable |
| 10. an e-mail sent by William Proefriedt to plaintiffs' attorney, William LaVelle, dated February 22, 2018. | No objection as to the genuineness or authenticity of this document (NTA) | Not applicable |
| 11. an e-mail sent by William Proefriedt to plaintiffs' attorney, William LaVelle, dated February 23, 2018 | No objection as to the genuineness or authenticity of this document (NTA) | Not applicable |
| 12. an e-mail sent by William Proefriedt to plaintiffs' attorney, William LaVelle, dated March 18, 2018 | No objection as to the genuineness or authenticity of this document (NTA) | Not applicable |

| | | |
|---|---|---|
| 13. an e-mail sent by plaintiffs' attorney William LaVelle to William Proefriedt, dated March 23, 2018 | No objection as to the genuineness or authenticity of this document (NTA) | Not applicable |
| 14. an e-mail from Mark Reinharz to plaintiffs' attorney, William LaVelle, dated March 26, 2018, which also contains an e-mail sent by William Proefriedt to Mark Reinharz with a "cc" to William LaVelle, dated March 31, 2018 | No objection as to the genuineness or authenticity of this document (NTA) | Not applicable |
| 15. an e-mail sent by William Proefriedt to plaintiffs' attorney, William LaVelle, dated April 3, 2018 | No objection as to the genuineness or authenticity of this document (NTA) | Not applicable |
| 16. an e-mail sent by William Proefriedt to plaintiffs' attorney, William LaVelle, dated April 10, 2018 | No objection as to the genuineness or authenticity of this document (NTA) | Not applicable |
| 17. an e-mail sent by William Proefriedt to plaintiffs' attorney, William LaVelle, dated May 10, 2018 at 9:39 p.m. | No objection as to the genuineness or authenticity of this document (NTA) | Not applicable |
| 18. an e-mail sent by William Proefriedt to plaintiffs' attorney, William LaVelle, dated May 10, 2018 at 9:46 p.m. | No objection as to the genuineness or authenticity of this document (NTA) | Not applicable |
| 19. an e-mail sent by William Proefriedt to plaintiffs' attorney, William LaVelle, dated May 12, 2018 at 8:20 a.m. | No objection as to the genuineness or authenticity of this document (NTA) | Not applicable |
| 20. an e-mail sent by William Proefriedt to plaintiffs' attorney William LaVelle, dated May 12, 2018 at 1:15 p.m. | No objection as to the genuineness or authenticity of this document (NTA) | Not applicable |
| 21. a letter sent by William Proefriedt to Justice Joanna Seybert, dated February 9, 2019 | No objection as to the genuineness or authenticity of this document (NTA) | Not applicable |
| 22. a letter sent by William Proefriedt to plaintiffs' attorney William LaVelle, dated December 18, 2019 | No objection as to the genuineness or authenticity of this document (NTA) | Not applicable |

| | | |
|---|---|---|
| 23. Documents relative to work performed at the job site and photographs taken by "Local 66" business delegate and investigator, Joseph Montabano all of which show, amongst other things, that the defendants conducted significant jurisdictional work at the job site | Defendants object | Authenticity, foundation |
| 24. Preliminary audit report conducted by plaintiffs' accounting/consulting firm, Schultheis & Panettieri, LLP, dated November 21, 2018 | Defendants object | Hearsay, document produced for litigation, and thus, not a business record. Findings are speculative |
| 25. Final audit reported conducted by plaintiffs' accounting/consulting firm, Schultheis & Panettieri, LLP, dated January 15, 2019. | Defendants object | Hearsay, document produced for litigation, and thus, not a business record. Findings are speculative |
| 26. Three wage increase letters covering 7/1/16 to 6/30/17 | Defendants object | Authenticity, foundation |
| 27. WSP Contracting Telephone log covering the dates 12/11/17 to 5/18/18 | Defendants object | Authenticity, foundation |
| 28. 2017 DOL reports | No objection | Not applicable |
| 29. 2018 DOL reports | No objection | Not applicable |

**Defendants' Exhibits:**

| **Defendants' Exhibits** | **Plaintiffs' Objection** | **Plaintiffs' Basis for the Objection** |
|---|---|---|
| A. Department of Labor Stipulation and Order and Determination. | Plaintiff objects to the introduction of this exhibit at trial. | The stipulation itself speaks about an exhibit which is included as part of the stipulation itself, therefore the exhibit must be attached to the stipulation. |
| B. 2017 DOL reports. | No objection | Not applicable |

| C. 2018 DOL reports. | No objection | Not applicable |
| --- | --- | --- |

**Relief Sought:**

Plaintiffs seek a verdict in favor of the plaintiffs holding that the defendants have failed to comply with the provisions of the "Collective Bargaining Agreement" by conducting extensive jurisdictional work at the subject job site to which they failed to pay the proper amount of monies into the plaintiffs' annuity, welfare, training and pension funds, while also failing to pay the applicable Union dues. Plaintiff also seek the imposition of attorney fees, case expenses, applicable interest and audit expenses.

Dated: Central Islip, New York
September 22, 2021

**SO ORDERED:**

9/29/2021

Magistrate Judge James M. Wicks