| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | Case No.: 18-cv-1303(JS)(JMW) |

-------------------------------------------------------------------X

STEPHEN FLANAGAN, as a Trustee of the GENERAL BUILDING LABORERS' LOCAL 66 VACATION FUND; STEPHEN FLANAGAN, as a Trustee of the GENERAL BUILDING LABORERS' LOCAL 66 WELFARE FUND; STEPHEN FLANAGAN, as a Trustee of the GENERAL BUILDING LABORERS' LOCAL 66 PENSION FUND; STEPHEN FLANAGAN, as Trustee of the GENERAL BUILDING LABORERS' LOCAL 66 ANNUITY FUND; STEPHEN FLANAGAN, as a Trustee of the GENERAL BUILDING LABORERS' LOCAL 66 LABORERS' EMPLOYER COOPERATIVE AND EDUCATIONAL TRUST FUND; STEPHEN FLANAGAN, as a Trustee of the GENERAL BUILDING LABORERS' LOCAL 66 GREATER NY LABORERS' EMPLOYER COOPERATIVE AND EDUCATIONAL TRUST FUND; STEPHEN FLANAGAN, as a Trustee of the GENERAL BUILDING LABORERS' LOCAL 66 TRAINING PROGRAM; STEPHEN FLANAGAN, as a Trustee of the GENERAL BUILDING LABORERS' LOCAL 66 NEW YORK STATE HEALTH AND SAFETY FUND; STEPHEN FLANAGAN, as Business Manager of GENERAL BUILDING LABORERS' LOCAL UNION NO. 66 of the LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO,

        Plaintiffs,

 -against-

WILLIAM G. PROPHY LLC dba WGP CONTRACTING INC. and WILLIAM G. PROEFRIEDT,

        Defendants.

-------------------------------------------------------------------X

## **PLAINTIFFS' REVISED PRE-TRIAL MEMORANDUM OF LAW**

William T. LaVelle, Esq.
LaVelle Law & Associates, P.C.
57 E. Main Street
Patchogue, NY 11772
(phone) 631-475-0001
(e-mail) wtlpc@aol.com

1

William T. LaVelle, attorney for the herein plaintiffs, hereby submits this revised memorandum of law as follows:

1. The jurisdiction of this Court is invoked under the following statutes:

    (a) § 502(a), (e), (f) and (g) and 4301(a), (b) and (c) of the Employee Retirement Income Security Act of 1974 (ERISA), (29 U.S.C. § 1132(a), (e), (f) and (g);

    (b) § 301 of the Taft-Hartley Act (29 U.S.C. § 185);

    (c) 28 U.S.C. § 1331 (federal question); and

    (d) 28 U.S.C. 1337 (civil actions arising under Act of Congress regulating commerce).

2. Venue properly lies in this district under §§ 502(e)(2) of ERISA and § 301 of the Taft-Hartley Act (29 U.S.C. § 185).

3. Plaintiffs' evidence will establish that defendant, WILLIAM G. PROEFRIEDT is personally liable, pursuant to N.Y.S Lien Law § 71 and that WILLIAM G. PROEFRIEDT fraudulently signed plaintiffs' "Collective Bargaining Agreement" with no intent to act in "good faith" and comply with its terms and conditions. The evidence will further show that WILLIAM G. PROEFRIEDT signed the "Collective Bargaining Agreement" simply for the purpose of being in a position to bid on prevailing wage government jobs that require the existence of an apprentice program while never intending to actually use "Union" apprentices or Laborers from the "Hall" program on any jobs that he may have won the bid on.

4. Plaintiffs' evidence will also show that the corporate defendant and defendant, WILLIAM G. PROEFRIEDT, individually, intentionally over paid family and friends at hourly rates approximately double the existing prevailing rate at that time. Thus, the facts of the instant matter are clearly distinguishable from Flanagan v. T.R. Witney, Inc., CV-19-0415, as cited by the defense it its Pre-Trial Memorandum of Law. Plaintiffs' evidence will show that WILLIAM G.

PROEFRIEDT used corporate funds to unjustly enrich his sons, relatives and friends, thus diverting corporate funds while reneging on the corporation's obligations to pay contributions to the various "Union" funds, as required pursuant to the "Collective Bargaining Agreement."

5. Whether or not the defendants engaged in "covered" or "jurisdictional" work is a question of fact for the court to determine, however, the plaintiffs maintain that "Local 1298" also has an apprentice program, and, if the defendants were in fact anticipating bidding on "heavy highway construction" work there would be no reason to enter into and execute a "Collective Bargaining Agreement" with "Local 66."

6. Defendants' argument concerning the audit is specious, at best, as the "Collective Bargaining Agreement" requires the corporate defendant to submit voluntarily to the audit process and provide all documents to the Union's auditors.

7. The defendants in this case refused to comply with the demand for an audit, and, in fact, your affiant was forced to file a complaint in this matter seeking the court to compel the defendants to submit to an audit. After a year of the defendants use of dilatory tactics, their previous attorney provided limited documents, excluding certified payroll records, and a payroll registry which would have documented job site locations, and the type of jurisdictional work that was performed. It is significant to note that that to this day the defendants still have refused to provide and/or said records.

8. The evidence in this case will show that the auditors erred on the conservative side by reducing the estimated audit amount to half of the original audit amount due to the fact that the audit established that defendants' employees' salaries were approximately double the prevailing wage, so the auditor based the fringe benefit contributions on the hours worked, instead of dividing the overall payroll paid by the correct prevailing wage. As a result of their non-compliance and

3

malfeasance in failing to comply with the provisions of the "Collective Bargaining Agreement", vis-a-vie providing all of the needed documents to properly complete the audit, defendants should not be allowed to now argue the validity and/or accuracy of said audit.

9. Finally, the evidence will show that a result of the defendants following conduct, the plaintiffs, acting within their capacity as a fiduciary, had no choice but to proceed with the instant lawsuit to enforce the provisions of the "Collective Bargaining Agreement":

- the defendants failed to notify "Local 66" of work which they started in their jurisdiction;

- the defendants failed to notify "Local 66" of the bids that were accepted by the municipalities due to an apprentice program with "Local 66";

- the defendants failed to submit a request to the hiring hall to supply laborers', pursuant to the provisions of the "Collective Bargaining Agreement";

- defendants refused to have "company men" obtain a "Local 66" book within five (5) days of work starting; and

- failure of the defendants to submit to a full and complete audit. As a result, the defendants should not be in a position to argue, that, if they are successful in defending this action, that they should be entitled to attorney fees, because all of the issues and alleged defenses could have very well been resolved with the conduction of a full and complete audit .

10. Your affiant submits that the defendants' conduct in this matter was intentional and that defendant, WILLIAM G. PROEFRIEDT never intended to ever comply with any of the terms and/or provisions of the "Collective Bargaining Agreement." Last, it is significant that the defendants have just recently taken the position that they did not perform "Local 66" jurisdictional work falling under the jurisdiction of "Local 198", and that instead they performed "heavy highway work" for "Local 1298."

11. It is plaintiffs' position that if they are successful in defending this matter that they would be entitled to attorney fees and cite to <u>Anita Foundations, Inc. v. ILGWU Nat'l Retirement Fund</u>, 902 F2d. 184 (2d. Cir 1990) in support of its position. In <u>Anita</u>, the court examined the "threshold question concerning the appropriate standard for a fee award to a prevailing employer in a withdrawal liability suit." <u>Anita</u> at 187-88. In <u>Anita</u>, the court applied a five (5) pronged test in making such a determination "which is usually applied to fee applications under the ERISA fee-shifting provision, <u>29 U.S.C. § 1132(g)(1)</u>" as follows:

> (1) the degree of the offending party's culpability or bad faith;
>
> (2) the ability of the offending party to satisfy an award of attorney's fees;
>
> (3) whether an award of fees would deter other persons from acting similarly under like circumstances;
>
> (4) the relative merits of the parties' positions, and
>
> (5) whether the action sought to confer a common benefit on a group of pension plan participants.

12. Defendants reliance on <u>Anita</u> in support of its position is misguided in that the defendants in the instant matter come before this court with unclean hands in that they are the offending parties who have operated in "bad faith" and are responsible for plaintiffs need to commence the action to compel a full and complete audit and the filing of the subsequent amended complaint seeking a finding of liability and damages thereof. Additionally, your affiant submits that defendant, WILLIAM G. PROEFRIEDT also operated in "bad faith" by allegedly fraudulently signing the "Collective Bargaining Agreement" with no intent to act in "good faith" and comply with its terms and conditions of same.

13. Defendants also cite to <u>R.I. Carpenters Annuity Fund v. Trevi Icos Corp.</u>, 507 F. Supp 155 (D.R.I. Sept. 5, 2007) in support of its position is also misplaced as it is clearly

5

distinguishable from the instant matter in a significant way. At its core <u>R.I. Carpenters Annuity Fund</u> involved a dispute between Carpenters Union and a Laborers Union over which Union conducted what type of work and the amount of fringe benefit contributions that the general contractor was required to pay into each respective Union's benefit funds. Thus, <u>R.I. Carpenters Annuity Fund</u> bears no resemblance to the instant matter which involves plaintiffs' allegation that defendant, WILLIAM G. PROEFRIEDT fraudulently signed plaintiffs' "Collective Bargaining Agreement" with no intent to act in "good faith" and comply with its terms and conditions. <u>R.I. Carpenters Annuity Fund</u> at 162-64.

14. In closing, the evidence will show that that prior to the commencement of the instant litigation that the defendants were given the opportunity on several occasions to provide documents, bids, jobs, specifications, and certified payroll records at which time the issues raised by the defendants in this case could have been easily resolved without litigation.

Dated: October 7, 2021
      Patchogue, New York

                                          **LAVELLE LAW & ASSOCIATES, P.C.**

                                          By: /s/ William T. Lavelle
                                          WILLIAM T. LAVELLE, ESQ.
                                          *Attorneys for Plaintiffs*
                                          57 East Main Street
                                          Patchogue, New York 11772
                                          (631) 475-0001

TO:  HOGAN & CASSELL, LLP
      *Attorneys for Defendants*
      WILLIAM G. PROPHY LLC dba WGP
      CONTRACTING INC. and WILLIAM G. PROEFRIEDT
      500 North Broadway, Suite 153
      Jericho, NY 11753
      516-942-4704

Case No.: 18-cv-1303(JS)(JMW)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

STEPHEN FLANAGAN, as a Trustee of the GENERAL BUILDING LABORERS' LOCAL 66 VACATION FUND, et al.,

        Plaintiffs,

-against-

WILLIAM G. PROPHY LLC dba WGP CONTRACTING INC. and WILLIAM G. PROEFRIEDT,

        Defendants.

---

**PLAINTIFFS' REVISED PRE-TRIAL MEMORANDUM OF LAW**

---

**LAVELLE LAW & ASSOCIATES, P.C.**
*Attorneys for Plaintiffs*
57 East Main Street
Patchogue, New York 11772
(631) 475-0001

---

Yours, etc.,

**LAVELLE LAW & ASSOCIATES, P.C.**
57 East Main Street
Patchogue, New York 11772
(631) 475-0001

---